Case 4:20-cv-04371   Document 1-1   Filed on 12/29/20 in TXSD   Page 1 of 8

12/8/2020 12:42 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48740037
By: Cecilia Thayer
Filed: 12/8/2020 12:42 PM

CAUSE NO. _____

| | | |
|---|---|---|
| Lesle Williams, § | | IN THE DISTRICT COURT OF |
| Plaintiff, § | | |
| v. § | | HARRIS COUNTY, TEXAS |
| Fieldwood Energy Offshore, Inc. d/b/a § Fieldwood Energy (Texas), Inc., § Fieldwood Energy, LLC, Fieldwood Energy § Offshore, LLC, Shore Offshore Services, LLC § and Complete Logistical Services, LLC § | | |
| Defendants. § | | _____ JUDICIAL DISTRICT |

## **Plaintiff's Original Petition**

Plaintiff Lesle Williams (hereinafter referred to as "Plaintiff") file this Original Petition complaining of Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy, LLC and Fieldwood Energy Offshore, LLC, Shore Offshore Services, LLC, and Complete Logistical Services, LLC. (collectively referred to as "Defendants") and will respectfully show the Court that:

### I.

### **Jurisdiction**

1.  This claim is maintained under the Jones Act (46 U.S.C. § 30104) and the general maritime law of the United States. The Court has exclusive jurisdiction pursuant to the Saving to Suitors clause. Further, Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which Plaintiff now sues.

### II.

### **Venue**

Certified Document Number: 93414186 - Page 1 of 7

EXHIBIT A-1

2. Venue is proper pursuant to Texas Civil Practice and Remedies Code, Section 15.002.

### III.

### Discovery Level

3. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### IV.

### Parties

4. Plaintiff Lesle Williams is a resident of Louisiana.

5. Defendant Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc. is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

6. Defendant Fieldwood Energy, LLC is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

7. Defendant Fieldwood Energy Offshore, LLC is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with

Certified Document Number: 93414186 - Page 2 of 7

**EXHIBIT A-1**

process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

8. Defendant Shore Offshore Services, LLC ("Shore") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Patrick Gros at 651 River Highlands Blvd, Covington, LA 760433, or wherever he may be found.

9. Defendant Complete Logistical Services, LLC. ("CLS") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Spencer Sens at 8320 Lafitte Ct. Chalmette, LA 70043, or wherever he may be found.

V.

**Facts**

10. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about October 28, 2020. On or about that date, Plaintiff worked as a crew member aboard the *D/B THOR*, a vessel owned, operated and/or maintained by Defendants. Plaintiff Williams was employed by Defendant CLS.

11. At all material times, the *D/B THOR* was working in the Gulf of Mexico for the benefit, and at the direction of Defendants. In the days leading up to the incident, Hurricane Zeta entered the Gulf of Mexico taking aim at the Louisiana shore. Defendants ordered and required the *D/B THOR* be moored in an unsafe area to wait out the hurricane.

12. During the dangerous storm the *D/B THOR* became unmoored. The vessel was tossed and turned by the aggressive seas and the vessel was thrown into different objects. As

3

Certified Document Number: 93414186 - Page 3 of 7

EXHIBIT A-1

a result, Plaintiff suffered from emotional disturbance as a result of Defendants' actions including anxiety, difficulty in focusing and concentration, and sleep disturbance.

  13. Defendants are negligent and negligent per se for the following reasons:

    a. Failure to properly supervise their crew;

    b. Failure to properly train their employees;

    c. Failure to provide adequate safety equipment;

    d. Failure to provide Plaintiff a safe working environment;

    e. Failure to provide Plaintiff adequate safety from Hurricane Zeta;

    f. Failure to timely and effective evacuate the vessel;

    g. Failure to provide adequate medical treatment;

    h. Operating the vessel with an inadequate crew;

    i. Failing to maintain safe mechanisms for work on the vessel;

    j. Failure to maintain, inspect, and/or repair the vessel's equipment;

    k. Operating the vessel in an unsafe and improper manner;

    l. Failure to have the vessel moored in a safe area;

    m. Vicariously liable for their employees' and agents' negligence;

    n. Violating applicable Coast Guard, OSHA, BSEE rules and/or other applicable regulations; and

    o. Other acts deemed negligent.

  14. At all relevant times, the *D/B THOR* was unseaworthy.

  15. As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all

4

Certified Document Number: 93414186 - Page 4 of 7

EXHIBIT A-1

reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff seeks punitive damages against Defendants for arbitrarily and improperly denying maintenance and cure. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

16. Plaintiff is also entitled to punitive damages because the aforementioned actions of various Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff injury but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## VI.

## **Jury Demand**

17. Plaintiff demands a trial by jury.

## VII.

## **Prayer**

5

Certified Document Number: 93414186 - Page 5 of 7

**EXHIBIT A-1**

Pursuant to Rule 47, Plaintiff seeks monetary relief over $1,000,000. Additionally, Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiff show himself justly entitled including but not limited to:

- Past and future medical damages;
- Past and future loss of earning capacity;
- Past and future pain and suffering and mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Exemplary damages;
- Loss of household services;
- Past and future loss of consortium;
- Past and future maintenance and cure obligations;
- Pre-judgment interest;
- Post-judgment interest;
- Costs of Court;
- Attorney fees;
- All other relief to which Plaintiffs are justly entitled, either at law or in equity.

EXHIBIT A-1

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*

_____

Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfindley@arnolditkin.com
Adam D. Lewis
SBN: 24094099
alewis@arnolditkin.com
C. Kimberly Nwabeke
SBN: 24096087
knwabeke@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
kbateam@arnolditkin.com
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 21, 2020

Certified Document Number:        93414186 Total Pages:  7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

EXHIBIT A-1